UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:21-cv-001565 |
| ) | |
| $28,000.00 UNITED STATES CURRENCY, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT OF FORFEITURE IN REM**

The United States of America, by counsel, John E. Childress, Acting United States Attorney for the Southern District of Indiana, and Kelly Rota, Assistant United States Attorney, files its Complaint of Forfeiture in Rem pursuant to Supplemental Rules for Admiralty, Maritime and Asset Forfeiture Claims G(2), and alleges on information and belief as follows:

NATURE OF THE ACTION

1.  The United States of America (the "United States") has commenced this action pursuant to the civil forfeiture provisions of 21 U.S.C. §§ 881 and 18 U.S.C. 981(a), seeking forfeiture of the Defendant property based on violations of 21 U.S.C. §801 *et seq*.

**JURISDICTION AND VENUE**

2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (district courts have original jurisdiction of all civil actions commenced by the United States) and § 1355 (district courts have original jurisdiction of any action for forfeiture).

3.  This Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b) (forfeiture action can be brought in a district in which any of the acts giving rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or

1

Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in the government's possession).

4. This Court is the appropriate venue in this matter pursuant to 21 U.S.C. §888(j) and 28 U.S.C. § 1395, in that the forfeiture accrued in the Southern District of Indiana, and the Defendant Property is now, and during the pendency of this action will be, found within the Southern District of Indiana.

## DEFENDANT

5. The Defendant is twenty- eight thousand dollars in United States Currency ("$28,000.00," or "Defendant Property") (Asset Identification Number 20-CBP-000356).  The Defendant Property was seized January 16, 2020, by Indiana State Police and transferred to the custody of the United States Department of Homeland Security, Customs and Border Protection ("DHS-CBP") by the Marion County Superior Court order dated May 21, 2020.

## FACTS

6. On January 16, 2020, officers with the Homeland Security Investigations Parcel/Bulk Cash Smuggling Interdiction Task Force, comprised of the Indiana State Police ("ISP"), the Indianapolis Metropolitan Police Department ("IMPD"), and the Department of Homeland Security, Homeland Security Investigations ("DHS-HSI"), conducted a parcel/bulk cash smuggling interdiction operation at a parcel shipping company hub in Indianapolis.

7. Parcel/bulk cash smuggling interdiction operations are conducted because it has become common practice for smugglers to use shipping companies, such as Federal Express, to transport illegal controlled substances and their proceeds.  Shipping companies provide illegal controlled substances smugglers with many benefits such as faster delivery with predictable dates, package tracking, and delivery confirmation.  Based on information and experience, task

force officers can easily identify suspicious packages with indicators, such as newly purchased boxes from the shipping company and excessive tape at the seams of the packages. Suspicious packages are typically sent via priority overnight shipping that has been paid for with cash. To preserve anonymity, smugglers often use addresses, telephone numbers, or names that are falsified or incomplete. Packages sent to known source states for illegal controlled substances (*e.g.*, Texas, Arizona, California) draw increased suspicion, as do those sent from individual to individual, from non-business sender to non-business receiver, and from residence to residence. Traffickers will often package in a layered manner in an attempt to avoid detection by trained narcotics detection canines. The layered packaging is usually an attempt to mask or prevent any odors from escaping the interior of the package. Unlike legitimate business items or personal gifts – which typically contain notes, letters, receipts, cards, or coupons along with the cash or monetary instruments – narcotics traffickers rarely include any type of instruction with the proceeds.

8. During the course of the operation, a package being shipped by parcel service with a shipping label attached reflecting a tracking number of 7796 9392 2750 ("Parcel 2750" or the "Package"), was identified as suspicious. Parcel 2750 was addressed to Eugene Beylin, 5733 Cahill Avenue, Tarzana, CA 91356, with phone number XXX-XXX-1129. The sender was identified as Aaron Wilson, 11210 Midland Blvd., St. Louis, MO 63114, with phone number XXX-XXX-1129.

9. The package drew attention for several reasons, including that Parcel 2750 was a new cardboard parcel box, heavily taped and sealed. Parcel 2750 was shipped priority overnight, paid with cash, with a printed label, and was from an individual to an individual. Shipped to a residence in a source state (California) from a source city (St. Louis), shipped from a storage

unit, not a residence. The telephone number listed for the sender and receiver were the same. No signature or contact was required to receive the shipment.

   10.   A certified drug detection canine, handled by an IMPD officer, inspected Parcel 2750, along with other packages. The examination resulted in the canine's positive indication for the presence of the odor of a controlled substance on Parcel 2750. The drug detection canine had been trained and certified in detection, by odor, of marijuana, cocaine, crack cocaine, heroin, and methamphetamine.

   11.   The IMPD officer applied for a search warrant to inspect the interior of Parcel 2750 based on the suspicious appearance of the package and the canine's positive alert. On January 16, 2020, a Marion County Superior Court Judge granted the search warrant upon a finding of probable cause.

   12.   Task force officers then opened Parcel 2750 to find it contained bubble wrapped around a plastic bag rubber banded around a heat and vacuum sealed plastic bag containing another black plastic heat and vacuum sealed plastic bag that contained tin foil wrapped bundles of banded and rubber banded stacks of U.S. Currency. The cash totaled $28,000.00. As discussed above, multi-layered packaging methods are commonly used by smugglers to mask the presence of the odor of a controlled substance. There was no document or correspondence indicating the purpose for which the $28,000.00 in currency was shipped.







13. After the package was opened, officers conducted an inspection of the currency using the drug detection canine. The canine again alerted for the presence of the odor of a controlled substance, indicating that the $28,000.00 has a threshold of controlled substance contamination.

14. As there was probable cause to seize the currency for violations of federal and

state-controlled substance laws, the $28,000.00 was seized and taken into custody by Indiana State Police, pending the issuance of a state turnover order.

15. Federal agents and analysts conducted background research on the information listed for the sender and receiver of Parcel 2750.  The investigation revealed that the sender Aaron Wilson (Wilson) does not appear to be associated to the address on the shipping label, 11210 Midland Boulevard, St. Louis, MO  63114.  Wilson does appear to be associated to the telephone number on the shipping label XXX-XXX-1129.  Wilson's association to the 1129 number appears to be at 2502 West 20th Street, Granite City, IL 62040.  Due to limited information criminal history information is not available at this time.  The recipient; Eugene Beylin (Beylin), appears to be associated to the address on the shipping label, 5733 Cahill Avenue, Tarzana, CA  91356, date of birth xx/xx/1984, Beylin appears to have a California criminal history from 2001-2004 that includes arrests for burglary, receiving stolen property, reckless driving and battery..Beylin does not appear to be associated to the phone number XXX-XXX-1129.

16. On May 21, 2020, the Marion Superior Court, Civil Division, issued its order transferring the Defendant Property to the appropriate federal authority.  *See* Marion County Superior Court, Civil Division, Docket 49D05-2001-MI-002906, and the Defendant Property was transferred to DHS-CBP on June 23, 2020.

17. DHS-CBP sent notice to sender and the intended recipient on July 14, 2020, to address the matter through administrative proceedings.  The notice letters requested a response within 30 days, after which the matter would likely be referred to the United States Attorney's Office for judicial forfeiture proceedings.  DHS-CBP confirmed that both letters were delivered

to the respective addresses. To date, neither the sender nor the intended recipient have contacted DHS-CBP.

18. It is against Federal Express policy, as stated on its website, to ship cash via Federal Express. *See* FedEx Freight FXF 100 Series Rules Tariff, *available at* https://www.fedex.com/en-us/service-guide/terms/other-services.html.

## PERTINENT STATUTES

19. Under 21 U.S.C. § 841(a)(1), it shall be unlawful for any person to knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance.

20. Under 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act, including 21 U.S.C. § 841(a)(1), shall be subject to forfeiture to the United States, and no property right shall exist in them. Pursuant to U.S.C. § 881(a)(6), the Defendant Currency is subject to forfeiture because it constitutes: (1) money, furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, 21 U.S.C. § 841 and 846; (2) proceeds traceable to such an exchange; and, (3) money intended to be used to facilitate any violation of the Controlled Substances Act.

## CLAIM FOR RELIEF

21. Based on the factual allegations set forth above, the Defendant Property is "moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance," and/or "proceeds traceable to such an exchange," and/or "moneys … used or

intended to be used to facilitate any violation of [the Controlled Substances Act, 21 U.S.C. § 841 and 846. Consequently, the Defendant Property is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States prays that the Clerk of the Court issue a warrant for the arrest of the Defendant Property pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant Property forfeited to the United States for disposition according to law; and that the United States be granted any relief this Court deems just and proper.

JOHN E. CHILDRESS
Acting United States Attorney

By: /s/*Kelly Rota*
Kelly Rota
Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333
Fax: (317) 226-5027

## VERIFICATION

I, Christopher Bryant, hereby verify and declare under penalty of perjury that I am a Special Agent for Homeland Security Investigations ("HSI"), that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and as to those matters I believe to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement offices, as well as my investigation of this case, together with others, as a Special Agent with HSI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 6-1-21

Christopher Bryant
Special Agent, HSI